UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MONDO VALDEZ,

    Petitioner,

v.

RICHARD MORGAN,

    Respondent.

Case No. C06-5222 RBL/KLS

REPORT AND RECOMMENDATION

**NOTED FOR:
January 12, 2007**

    This habeas corpus action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Petitioner filed this action under 28 U.S.C. § 2254, challenging his 2003 conviction. (Dkt. # 5). Respondent filed a motion to dismiss in lieu of an answer, arguing that the petition is time barred. (Dkt. # 13). The court agrees that the petition is time barred and recommends that the petition be **DISMISSED WITH PREJUDICE**.

### I. BASIS FOR CUSTODY

    Petitioner is in the custody of the Washington State Department of Corrections (DOC), pursuant to a conviction of one count of rape of a child in the second degree following a bench trial on March 21, 2003. (Dkt. # 13, Exh. 1). On July 16, 2003, the trial court sentenced Petitioner to

REPORT AND RECOMMENDATION
Page - 1

life without the possibility of early release, based upon the trial court's finding that Petitioner was a persistent offender. (Id. at 17, Section 4.5).

## II. PROCEDURAL HISTORY OF THE CASE

On June 23, 2003, Petitioner filed a Notice of Appeal of his Superior Court Judgment and Sentence in the Washington Court of Appeals, Division II. (Dkt. # 13, Exh. 2). On February 2, 2004, counsel for Petitioner filed a Brief of Appellant in the Washington Court of Appeals, raising the following issues for review:

1. Was the evidence sufficient to convict Mr. Valdez of rape of child in the Second Degree?

2. Was the defendant denied a fair trial and the right to a trial by jury where the trial judge violated the appearance of fairness doctrine and the appellant's waiver of jury trial was not knowing, intelligent and voluntary?

(Id., Exh. 3 at 28).

On April 5, 2004, Respondent State of Washington for Cowlitz County filed a Motion on the Merits. (Id., Exh. 4). On June 4, 2004, the Washington Court of Appeals Commissioner entered a Ruling Affirming Judgment. (Id., Exh. 5). On June 22, 2004, Petitioner filed a Motion for Modification. (Id., Exh. 6). On July 25, 2004, the Acting Chief Judge of the Washington Court of Appeals entered an Order denying Petitioner's Motion to Modify. (Id., Exh. 7). On May 10, 2005, the Washington Court of Appeals entered its mandate. (Id., Exh. 8).

On January 21, 2006, Petitioner filed a request for records in the Cowlitz County Superior Court. (Id., Exh. 9). On February 6, 2006, the Cowlitz County Superior Court entered an order treating Petitioner's request as a request for post-conviction relief and transferred to the Washington Court of Appeals, Division II. (Id., Exh. 10). On March 8, 2006, the Washington Court of Appeals entered an order rejecting review. (Id., Exh. 11). On April 13, 2006, the Washington Court of

Appeals entered a Certificate of Finality. (Id., Exh. 12).

Petitioner filed his federal habeas corpus petition in this Court on April 17, 2006. (Dkt. # 5 at 14).

### III. ISSUE

Petitioner raises the following grounds for relief in his federal habeas petition:

1. Cumulative error.

2. Ineffective assistance of counsel - misrepresentation - prejudice between attorney & client - attorney misconduct - 6th Amendment.

3. Violation of my 5th Amendment rights and violation of my 14th Amendment rights.

4. Violation of my 8th Amendment rights and more violation of my 14th Amendment rights.

(Id., pp. 5, 6, 8, and 9.

### IV. EXHAUSTION OF STATE REMEDIES

Because the petition is untimely under the statute of limitations, 28 U.S.C. § 2244(d), the court need not determine whether petitioner properly exhausted his available state remedies. 28 U.S.C. § 2254(b)(2).

### V. EVIDENTIARY HEARING

A petitioner who fails to develop the factual basis of a claim in state court is not entitled to an evidentiary hearing unless the claim relies on:

(i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would

REPORT AND RECOMMENDATION
Page - 3

have found the applicant guilty of the underlying offense . . . .

28 U.S.C. § 2254(e)(2).

The decision to hold a hearing is committed to the court's discretion. <u>Williams v. Woodford</u>, 306 F.3d 665, 688 (9th Cir. 2002). A hearing is not required unless the petitioner "alleges facts which, if proved, would entitle him to relief." <u>Townsend v. Sain</u>, 372 U.S. 293, 312 (1963). The petitioner must produce some evidence demonstrating the existence of a genuine question of material fact. <u>Morris v. State of California</u>, 966 F.2d 448, 454-55 (9th Cir. 1991), cert. denied, 506 U.S. 831 (1992). A hearing is not required if the claim presents a purely legal question or may be resolved by reference to the state court record. <u>Campbell v. Wood</u>, 18 F.2d 662, 679 (9th Cir.) (en banc), cert. denied, 511 U.S. 1119 (1994). Because the petition in this case is untimely, petitioner cannot satisfy these standards, and he is not entitled to an evidentiary hearing.

### VI. STANDARD OF REVIEW

A federal petition for writ of *habeas corpus* filed on behalf of a person in custody pursuant to a judgment of a state court, shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

State court judgments carry a presumption of finality and legality. <u>McKenzie v. McCormick</u>, 27 F.3d 1415, 1418 (9th Cir. 1994), cert. denied, 513 U.S. 1118 (1995). Federal habeas corpus relief does not lie for errors of state law. <u>Estelle v. McGuire</u>, 502 U.S. 62, 67 (1991). The petitioner must prove the custody violates the Constitution, laws or treaties of the United States. <u>McKenzie</u>,

REPORT AND RECOMMENDATION
Page - 4

27 F.3d at 1418-19. If a petitioner establishes a constitutional trial error, the Court must determine if the error caused actual prejudice. Brecht v. Abrahamson, 507 U.S. 619, 637-39 (1993).

## VII.  DISCUSSION

### A.   The Habeas Corpus Petition is Untimely Under The Federal Statute Of Limitations, 28 U.S.C. § 2244(d).

The Antiterrorism and Effective Death Penalty Act (AEDPA) established a statute of limitations for habeas corpus petitions. 28 U.S.C. § 2244(d). For petitioners whose state court judgments became final prior to April 24, 1996, the one-year time period began running on the date the statute was signed into law and expired on April 23, 1997. Calderon v. United States Dist. Court for the Cent. Dist. of Cal. (Beeler), 128 F.3d 1283, 1287 (9th Cir. 1997), *cert. denied*, 522 U.S. 1099 (1998). The statute of limitations is subject to equitable tolling, but such tolling "will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." Id. at 1288 (citing Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996)).

Where the challenged conviction became final after April 24, 1996, the statute generally begins to run from one of the following four dates:

(A)   the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such state action;

( C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

REPORT AND RECOMMENDATION
Page - 5

28 U.S.C. § 2244(d)(1).

Direct review ordinarily concludes either upon the expiration of the time for filing a petition for writ of certiorari, or when the Supreme Court rules on a petition for writ of certiorari. Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999). A petitioner seeking review of a judgment of a lower state court must file the petition for writ of certiorari "within 90 days after entry of the order denying discretionary review." Sup. Ct. Rule 13(1). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

The statute of limitations tolls only during the time a properly filed post-conviction, collateral challenge is pending in state court. 28 U.S.C. § 2244(d)(2); Nino v. Galaza, 183 F.3d 1003 (9th Cir. 1999). A state court petition rejected as untimely is not 'properly filed,' and is not entitled to statutory tolling under section 2244(d)(2). Pace v. DiGuglielmo, 544 U.S. 408, 125 S. Ct. 1807, 1814 (2005).

The record indicates that Petitioner filed his federal habeas corpus petition in this Court on April 17, 2006, the date that he placed his petition in the prison mailing system. (Dkt. # 5, p. 14). Petitioner appealed his Cowlitz County Superior Court Judgment and Sentence in the Washington Court of Appeals, Division II. (Dkt. # 12, Exhs. 2 and 3). The Washington Court of Appeals' Court Commissioner entered a ruling affirming judgment in Petitioner's case on June 4, 2004. (Id., Exh. 5). The Washington Court of Appeals subsequently denied Petitioner's motion to modify the Court Commissioner's ruling affirming judgment on July 25, 2004. (Id., Exh. 7). Petitioner did not appeal to the Washington Supreme Court the Washington Court of Appeals' ruling affirming judgment in his case. See Dkt. # 5 at 2, ¶ 9(g); at 3, ¶ 10; and at 4, ¶ 11(e). Therefore, because the Washington Court of Appeals' decision denying Petitioner's motion to modify occurred on July 25,

2004, he then had 30 days, until approximately August 25, 2004, to appeal the Washington Court of Appeals' ruling in his case to the Washington Supreme Court. See RAP 13.4.

The federal statute of limitations began running in Petitioner's case on approximately August 25, 2004, and continued to run in an uninterrupted manner until he filed his personal restraint petition on January 21, 2006. See See (Dkt. # 13, Exhs. 9, 10, 11, and 12). Thus, for Petitioner's federal habeas petition to be timely, it must have been filed no later than August 25, 2005. See Id., Exh. 7. Petitioner did not file his federal habeas petition, however, until April 17, 2006. (Dkt. # 5, p. 14). Therefore, the federal statute of limitations ran in an uninterrupted fashion for nearly 17 months from August 25, 2004 until Petitioner filed his personal restraint petition on January 21, 2006. Petitioner's federal habeas petition is untimely and should be dismissed with prejudice as time-barred under 28 U.S.C. § 2244(d), unless he is entitled to further tolling under equitable tolling principles.

### B.     Equitable Tolling Is Unavailable

Because Petitioner filed his federal habeas petition with this Court more than one year after his state court judgment became final, his petition is untimely under 28 U.S.C. § 2244(d) unless he can demonstrate he is entitled to either statutory tolling or equitable tolling under the federal statute of limitations.

Although the "AEDPA's statute of limitations is subject to equitable tolling," it is "unavailable in most cases." Corjasso, 278 F.3d at 877 (citation omitted). Equitable tolling "is appropriate only 'if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.'" Id. (citations omitted); Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001); Allen v. Lewis, 255 F.3d 798, 799-800 (9th Cir. 2001). "External forces," not petitioner's "lack of diligence" must account for his failure to file a timely petition. Miles v. Prunty, 187 F.3d

REPORT AND RECOMMENDATION
Page - 7

1104, 1107 (9th Cir. 1999). Ignorance of the law, "even for an incarcerated pro se petitioner, generally does not excuse prompt filing." Marsh v. Soares, 223 F.3d 1217, 1220 (9th Cir. 2000).

There is no evidence in this case of conduct by the Respondent or the State that impeded Petitioner's ability to prepare and file his federal petition in a prompt fashion. No circumstances, such as a lack of clarity in the law or legal unavailability of his claims, prevented Petitioner from filing his habeas petition in a prompt fashion. The responsibility for the late filing of the petition lies with Petitioner's own neglect and dilatory conduct rather than some extraordinary, unforeseen impediment over which he had no control.

Petitioner claims that "[N]obody will give me a copy of all the documents, papers, reports, tests discovery affidavits and nobody has tried to tell me what to do, or how to do, or where," (Dkt. # 5). However, Petitioner does not demonstrate that "extraordinary circumstances" beyond his control made it impossible for him to timely file his federal habeas petition. See Calderon, 128 F.3d at 1288. Therefore, he is not entitled to the application of equitable tolling to his case.

In summary, there are no extraordinary circumstances evident in this case requiring application of equitable tolling principles. Therefore, the petition is barred and must be dismissed under 28 U.S.C. § 2244(d).

## VIII. CONCLUSION

This petition is time barred. Accordingly, the petition should be **DISMISSED WITH PREJUDICE.** A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time

REPORT AND RECOMMENDATION
Page - 8

1 limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **January 12,**
2 **2007,** as noted in the caption.

   Dated this 11th day of December, 2006.

   Karen L. Strombom
   United States Magistrate Judge